IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROCK THE OCEAN PRODUCTIONS, )
LLC )
) NO. 3-15-0410
v. ) JUDGE SHARP
)
HUKA PRODUCTIONS, LLC d/b/a )
HUKA ENTERTAINMENT, et al. )

MEMORANDUM

Pending before the Court are Plaintiff's Motion for Partial Summary Judgment (Docket No. 80), Defendants' Motions for Judgment on the Pleadings (Docket Nos. 91 and 97), and Plaintiff's Motion for Reconsideration (Docket No. 111).

This action arises from an agreement between Plaintiff and Defendant Huka Entertainment ("Huka") for the formation of a limited liability company known as TMF2013 ("Company") for the purpose of creating, marketing and producing a series of multi-artist, live music festivals with the express mission of raising awareness of the troubles of the world's oceans. Docket No. 76-1, § 3. The terms of the parties' agreement are memorialized in a document called the Term Sheet (Docket No. 76-1) dated October 17, 2012. On October 13, 2014, Defendant Huka assigned its interests in the Company to a limited liability company called H1 Events, LLC. Plaintiff claims that this assignment violated the Term Sheet, specifically Section 8 involving the right of first refusal.

MOTION TO RECONSIDER

Defendants asked the Court to defer indefinitely further briefing and ruling on Plaintiff's Motion for Partial Summary Judgment, and the Court granted that request (Docket No. 101). Plaintiffs have filed a Motion to Reconsider that Order of the Court. The Court finds that Plaintiff's Motion to Reconsider is well-taken, and it is GRANTED. Upon further consideration of the pending

Motions as set forth herein, the Court finds that Defendants did not carry their burden under Fed. R. Civ. P. 56 for postponing consideration of Plaintiff's Motion, and the Court will not defer that Motion indefinitely. Defendants claim that a ruling on their Motions could moot Plaintiff's Motion, but the opposite is also true. A ruling on Plaintiff's Motion could moot Defendants' Motions, and Plaintiff filed its Motion first.

Therefore, the Court's prior Order (Docket No. 101) is vacated, and Defendants' Joint Motion to Defer Consideration of Plaintiff's Motion for Partial Summary Judgment (Docket No. 98) is DENIED. The Court will consider Plaintiff's Motion as set forth herein.[1]

MOTIONS FOR JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the Court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. Hayward v. Cleveland Clinic Foundation, 759 F.3d 601, 608 (6th Cir. 2014).

The pending Motions revolve around one provision of the Term Sheet which provides:

> The sale or transfer of any equity in the Company to a third party will be subject to the mutual written approval of the parties. . . . *Each party shall have the right to freely assign its equity shares to any wholly-owned holding company, parent or*

---

[1] The parties' Motions are, in many ways, cross-motions, even though Plaintiff's Motion is for partial summary judgment, pursuant to Fed. R. Civ. P. 56, and Defendants' Motions are based solely on the pleadings.

2

*subsidiary and/or SFX (or an affiliate or assignee thereof) without seeking additional approvals.* . . .

Except as provided above, if either party otherwise wishes to sell its interest in the Company, it must first offer its interest to the other parties.

Docket No. 76-1, § 8 (emphasis added).

Plaintiff asks the Court to declare that this emphasized language prohibits Defendant Huka from transferring its interest to any third party other than a wholly-owned holding company, a wholly-owned parent, or a wholly-owned subsidiary. Defendants ask the Court to find that this emphasized language allows Huka to transfer its interest to a subsidiary, even if that subsidiary is not wholly-owned by Huka.[2]

In determining the meaning of this challenged language, the Court must first determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. In re Estate of Tanner, 295 S.W.3d 610, 624 (Tenn. 2009).[3] In other words, the Court must decide whether the content of Section 8 leaves any ambiguity regarding the parties' right of first refusal therein. Defendants claim this language is clear, but the parties have offered two reasonable interpretations of this provision.

A contract is ambiguous if its meaning is fairly subject to more than one interpretation. Cummings Inc. v. Dorgan, 320 S.W.3d 316, 333 (Tenn. Ct. App. 2009). Where a contract is ambiguous, the Court may look beyond the four corners of the document in order to determine the parties' intention. *Id*. The intention of the parties is discerned not alone from the language of the

---

[2] The parties dispute whether H1 Events is a "subsidiary" or a "holding company."

[3] The Term Sheet provides that it will be governed by Tennessee law.

contract, but also from the surrounding facts and circumstances. Lubber, Inc. v. Optari LLC, 2013 WL 1245679 at * 6 (M.D. Tenn. March 26, 2013) (Sharp, J.)

On a Motion for Summary Judgment, the Court may consider evidence outside the pleadings and the parties must specifically set forth allegedly undisputed facts and responses thereto. On a Motion for Judgment on the Pleadings, the Court may not consider evidence outside the pleadings, and there is no requirement of a separate, concise statement of undisputed facts and responses thereto. In this case, the Court must consider evidence outside the pleadings, and the concise statement of undisputed facts, properly supported with citations to the record, is important.

For these reasons, Defendants' Motions for Judgment on the Pleadings (Docket Nos. 91 and 97) are DENIED. Defendants shall respond to Plaintiff's Motion for Partial Summary Judgment and its Statement of Undisputed Facts by February 13, 2017. Plaintiff shall file a Reply by March 1, 2017.

IT IS SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE